IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MARSHA COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action File No. |
| | ) |
| MIDLAND CREDIT MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Midland Credit Management, Inc. ("Midland") hereby removes this action to this Court.[1] In support, Midland states as follows:

1. Plaintiff Marsha Cook ("Plaintiff") filed this action against Midland in the State Court of Mecklenburg County, North Carolina, on January 12, 2025 (the "State Court Action"). *See Marsha Cook v. Midland Credit Management, Inc.*, Pl.'s Compl., No. 25CV001627-590, (State Ct. Mecklenburg Cty., NC, January 12, 2025). Along with the other requisite underlying court filings and submissions, a copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

2. Midland was served with process in the State Court Action on January 17, 2025.

3. This notice of removal is timely given that it is being filed within thirty (30) days of service of Plaintiff's complaint. *See* 28 U.S.C. § 1446(b)(1).

---

[1] By filing this Notice of Removal, Midland does not waive and expressly reserves all rights, claims, demands, defenses, and objections, which include, but are not limited to any and all affirmative defenses as set forth in Rule 12 of the Federal Rules of Civil Procedure, including, but not limited to, failure to state a claim upon which relief can be granted, together with any and all other rights, claims, demands, defenses, and objections.

4. Plaintiff's Complaint alleges that Midland violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* *See* Pl.'s Compl. at ¶¶ 72-79.

5. Additionally, Plaintiff's Complaint alleges claims under the North Carolina Collection Agency Act, N.C. Gen. Stat. § 58-70-1, *et seq.* *See* Pl.'s Compl. at ¶¶ 80-103.

6. This Court has jurisdiction over this action as Plaintiff alleges claims that arise under the FDCPA and, thus, present a federal question. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also* 15 U.S.C. § 1692k(d) (providing that "an action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy").

7. The Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1367(a) and 1441(a). Specifically, the Court has supplemental jurisdiction over all state law claims which arise out of "a common nucleus of operative fact" to Plaintiff's federal claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

8. Plaintiff's state and federal claims all arise out of the same nucleus of operative fact—communications sent by Midland to Plaintiff. *See* Pl.'s Compl. at ¶¶ 26-52; *id.* at ¶¶ 80, 85, 87, 89, 91, 93, 95, 97, 99, 100, 102 (incorporating the prior allegations of Plaintiff's Complaint to each of Plaintiff's claims under the North Carolina Collection Agency Act against Midland).

9. This action may be removed to this Court pursuant to 28 U.S.C. § 1441.

10. As required by 28 U.S.C. § 1446(a), Midland has attached copies of all process, pleadings, orders, and other papers served or otherwise filed in the underlying action. *See* Ex. A.

11. On the date of this filing, and as required by 28 U.S.C. § 1446(d), Midland will provide written notice of the filing of this notice of removal to Plaintiff, and Midland will file a

true and correct copy of the same with the Clerk of the State Court of Mecklenburg County, North Carolina.

WHEREFORE, Midland respectfully provides notice that the above-captioned case is removed to this Court.

Respectfully submitted this 14th day of February, 2025.

/s/ J. Christina Boardman Kuklinski
J. Christina Boardman Kuklinksi
ckuklinski@balch.com
Balch & Bingham LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, AL 35203
Telephone: 205.251.8100
Facsimile: 205.226.8799

ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I certify that on February 14, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and a copy of the foregoing has been mailed to the Plaintiff at the addresses below:

>Sean Weiner
>11131 Wildlife Road
>Charlotte, NC 28278

>*/s/ J. Christina Boardman Kuklinski*
>Of Counsel